# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:11-cv-198-RJC

| | | |
|---|---|---|
| CHARLES EVERETTE HINTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANDREW MURRAY, <u>et. al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1).

Plaintiff, a pre-trial detainee being held at the Mecklenburg County Jail, makes a litany of allegations against the Mecklenburg County District Attorney, two judges, two magistrates, an unnamed judicial officer of the State of North Carolina, and his court-appointed attorney. The Court has done its best to decipher Plaintiff's thirty-five page Complaint and memorandum of law, and it appears that Plaintiff believes that he is being held and prosecuted illegally based on civil contract principles. For example, he cites to the North Carolina Rules of Civil Procedure, refers to the State as a corporation, and contends that he "never consented to being arrested or restrained of his liberty or to be prosecuted in a statutorily inferior court[.]" (Doc. No. 1 at 3-4).[1]

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See <u>Maine v. Thibotout</u>, 448

---

[1] Unless otherwise indicated, the page numbers in citations to the docket were generated by CM/ECF, the Court's electronic filing system.

U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim).  Title 28 U.S.C. § 1915A directs the Court to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee and identify cognizable claims or dismiss the complaint, or parts thereof.

Given that Plaintiff is in custody pursuant to alleged violations of criminal law, over which the sate has jurisdiction, Plaintiff's contention that his detention and prosecution are illegal under principles of civil contract law is frivolous.  To the extent that Plaintiff alleges that one of the Defendants appointed him an attorney without his consent, he has failed to state a claim upon which relief may be granted.

Plaintiff's Complaint indicates that he is facing felony charges of breaking and entering, larceny after breaking and entering, and injury to personal property.  According to Plaintiff, state law requires a defendant seeking appointment of counsel to complete an affidavit of indigency before an attorney may be appointed.  Plaintiff asserts that he did not complete an affidavit of indigency, but Defendant John Doe nevertheless appointed an attorney to represent him on these charges.  Plaintiff asserts further that he "refused to be assigned any statutory [sic] court appointed attorney for the purpose of representation within an unconstitutional statutory [sic] inferior court." (Doc. No. 1 at 7, ¶ 9).

As an initial matter, the violation of a state statute alone does not state a cognizable claim under § 1983.  See Weller v. Department of Social Servs., 901 F.2d 387, 392 (4th Cir. 1990) (holding that violations of state law do not provide basis for due process claim).  Plaintiff must allege a violation of a federal constitutional or statutory right.  § 1983.

The Sixth Amendment protects a criminal defendant's right to counsel of choice. See Wheat v. United States, 486 U.S. 153, 159 (1988) (noting that "the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment"). However, the right to counsel of choice is not absolute. See United States v. Gallop, 838 F.2d 105, 107 (4th Cir. 1988). For example, a criminal defendant cannot "insist on representation by an attorney he cannot afford." Wheat, 486 U.S. at 159, 108. Consequently, an indigent criminal defendant has no constitutional right to have a particular lawyer represent him. Gallop, 838 F.2d at 108. Plaintiff claims to be indigent. (Doc. No. 1-1: Application to Proceed in District Court Without Prepaying Fees or Costs). Therefore, to the extent that Plaintiff's allegation is that Defendant Doe's appointment of Defendant Hoel to represent him violated his right to counsel of choice, he has failed to state a violation of a constitutional right.

The Sixth Amendment also grants a defendant the right to proceed *pro se* at trial, Faretta v. California, 422 U.S. 806, 819 (1975), provided that his assertion of that right is "(1) clear and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely," United States v. Bush, 404 F.3d 263, 271 (4th Cir. 2005). Accepting as true that Plaintiff did not fill out an affidavit of indigency, or otherwise indicate that was seeking appointment of counsel, it appears that he wished to represent himself at trial. Even assuming that Defendant Doe unconstitutionally overrode that right, however, Plaintiff is precluded from recovery under the principles articulated in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

In Heck, the Supreme Court held that a claim for damages is not cognizable under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the plaintiff can demonstrate that the conviction or sentence previously has been invalidated. 512 U.S. at 487. A deprivation of the right to self-representation is a structural error

that requires automatic reversal because the impact of "its denial is not amenable to 'harmless error' analysis." McKaskle v. Wiggins, 465 U.S. 168, 177 n. 8 (1984). Judgment for Plaintiff on this claim, therefore, would imply the invalidity of his conviction or sentence, neither of which has occurred yet and which may not occur at all. Consequently, any claim that Plaintiff currently is being denied his right to self-representation is not cognizable under § 1983. Because Plaintiff may refile his claim should he be convicted and his conviction be overturned or called into question by the appropriate court, dismissal of this claim will be without prejudice..

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint (Doc No. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted, except as to Plaintiff's claim that he was denied his right to represent himself at trial, which is **DISMISSED** without prejudice.

Signed: April 26, 2011

Robert J. Conrad, Jr.
Chief United States District Judge